# UNITED STATES DISTRICT COURT
## DISTRICT OF COLORADO

| | |
|---|---|
| UNITED STATES OF AMERICA | **AMENDED JUDGMENT IN A CRIMINAL CASE** <br> (For Offenses Committed On or After November 1, 1987) <br> *(Changes Identified with Asterisks (\*))* |
| v. | CASE NUMBER:  05-cr-00094-REB-07 |
| JEFFREY ROBERT HERMANSEN | M. David Lindsey, Appointed <br> (Defendant's Attorney) |

**Date of Original Judgment:**  July 14, 2006

**Reason for Amendment:**   Modification of Restitution Order (18 U.S.C. § 3664).

**THE DEFENDANT:**  Pleaded guilty to counts 1, 3 and 7  of the Second Superseding Indictment.

**ACCORDINGLY,**  the court has adjudicated that the defendant is guilty of the following offenses:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. § 1708 | Possession of Stolen Mail | 10/29/04 | 1 |
| 18 U.S.C. § 1028(a)(5) | Possession of Implements to Counterfeit Documents | 05/03/05 | 3 |

The defendant is sentenced as provided in pages 2 through 8 of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

Counts 2, 4, 5, 6, 8, 9, and 10 of the Second Superseding Indictment are dismissed on the motion of the United States.

IT IS ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

July 11, 2006
Date of Imposition of Judgment

s/ Robert E. Blackburn
Signature of Judicial Officer

Robert E. Blackburn, U.S. District Judge
Name & Title of Judicial Officer

August 9, 2006
Date

DEFENDANT:  JEFFREY ROBERT HERMANSEN
CASE NUMBER:  05-cr-00094-REB-07                                              Judgment-Page 2 of 8

## ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. § 1028A | Aggravated Identity Theft | 05/03/05 | 7 |

DEFENDANT:  JEFFREY ROBERT HERMANSEN
CASE NUMBER:  05-cr-00094-REB-07                                                    Judgment-Page 3 of 8

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of 24 months on counts 1 and 3, which sentences shall be served concurrently, and 24 months on count 7, which sentence shall be served consecutively to the sentences imposed by the Court on counts 1 and 3.

The court recommends that the Bureau of Prisons designate the defendant to a facility where he can complete the Residential Drug Abuse Program.

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By_____
Deputy United States Marshal

DEFENDANT:  JEFFREY ROBERT HERMANSEN
CASE NUMBER:  05-cr-00094-REB-07                                                                  Judgment-Page 4 of 8

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of three (3) years on counts 1, 3, and 7, which shall be served concurrently.

The defendant shall report to the probation office in the district to which he is released within 72 hours of his release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime and shall not illegally possess a controlled substance.

The defendant shall refrain from any unlawful use of a controlled substance and shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

The defendant shall not possess a firearm as defined in 18 U.S.C. § 921.

The defendant shall cooperate in the collection of a DNA sample from the defendant as directed by the probation officer.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Monetary Obligations sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below).  The defendant shall also comply with the additional conditions on the following page.

## STANDARD CONDITIONS OF SUPERVISION

1) The defendant shall not leave the judicial district without the permission of the court or probation officer.
2) The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month.
3) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.
4) The defendant shall support his dependents and meet other family responsibilities.
5) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons.
6) The defendant shall notify the probation officer at least ten days prior to any change in residence or employment.
7) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance, or any paraphernalia related to any controlled substance, except as prescribed by a physician.

DEFENDANT:  JEFFREY ROBERT HERMANSEN
CASE NUMBER:  05-cr-00094-REB-07                                                                 Judgment-Page 5 of 8

8)        The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.

9)        The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer.

10)      The defendant shall permit a probation officer to visit him at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.

11)      The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.

12)      The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.

13)      As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

14)      The defendant shall provide the probation officer with access to any requested financial information.

## ADDITIONAL CONDITIONS OF SUPERVISION

1)        The defendant, as directed by the probation department, shall undergo an alcohol substance abuse evaluation and a mental health evaluation and thereafter shall receive all treatment, therapy, counseling, testing, or education prescribed by those evaluations or as directed by the probation department or as ordered by this court.

2)        The defendant shall abstain from the use of alcohol and other intoxicants during the course of any such treatment, therapy, counseling, testing or education.

DEFENDANT:  JEFFREY ROBERT HERMANSEN
CASE NUMBER:  05-cr-00094-REB-07                                                         Judgment-Page 6 of 8

## MONETARY OBLIGATIONS

The defendant shall pay the following monetary obligations in accordance with the schedule of payments set forth below.

| Count | Assessment | Fine | Restitution |
|---|---|---|---|
| 1 | $100.00 | $0.00 | *$11,225.84 |
| 3 | $100.00 | $0.00 | $0.00 |
| 7 | $100.00 | $0.00 | $0.00 |
| **TOTALS** | $300.00 | $0.00 | $11,225.84 |

*The defendant shall make restitution to the following payees in the amounts listed below.  If the defendant makes a partial payment, each payee shall receive an approximately proportional payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid in full prior to the United States receiving payment.

| Name of Payee | * Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
| *See attached spreadsheet | *$11,225.54 | *$11,225.54 | |
| **TOTALS** | $11,225.54 | $11,225.54 | |

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

DEFENDANT:  JEFFREY ROBERT HERMANSEN
CASE NUMBER:  05-cr-00094-REB-07                                                                Judgment-Page 7 of 8

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total monetary obligations shall be due as follows:

The special assessment fee shall be due immediately.

*Restitution shall be payable to the clerk of the court in installments of not less than $150 per month during the term of supervised release as directed by the probation department.

All monetary obligation payments, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court, unless otherwise directed by the court, the probation officer, or the United States Attorney.

The defendant shall receive credit for all payments previously made toward any monetary obligations imposed.

Payments shall be applied in the following order:  (1) special assessment, (2) restitution principal, (3) restitution interest.

DEFENDANT:  JEFFREY ROBERT HERMANSEN
CASE NUMBER:  05-cr-00094-REB-07                                              Judgment-Page 8 of 8

## STATEMENT OF REASONS

**The court adopts the presentence report and advisory applications without change.**

Pursuant to the United States Supreme Court ruling in the *United States v. Booker* and *United States v. Fanfan*, the United States Sentencing Commission Guidelines have become advisory. The Court, while not bound to apply the Guidelines, has consulted the advisory guidelines and taken them into account with the sentencing factors identified at 18 U.S.C. § 3553(a).

**ADVISORY GUIDELINE RANGE DETERMINED BY THE COURT (BEFORE DEPARTURES):**

Total Offense Level:  15

Criminal History Category:  III

Imprisonment Range:  24 to 30 months

Supervised Release Range:  2 to 3 years

Fine Range:  $4,000    to   $40,000

   The fine is waived because of the defendant's inability to pay.

**RESTITUTION DETERMINATIONS**

Total Amount of Restitution:  $11,225.54

**DEPARTURE**

The sentence is within the guideline range, that range does not exceed 24 months, and the court finds no reason to depart from the sentence called for by the application of the guidelines.

The court concludes that this statement of reasons for imposing a sentence in a criminal case is presumptively a matter of public interest and scrutiny.  *See* S. Rep. No. 225, 98th Cong., 1st Sess. 1983, 1984 U.S.C.C.A.N. 3182, 3263 (1983) ("The statement of reasons . . . informs defendant and the public of the reasons for the sentence.  It provides information to criminal justice researchers.")  No party has made a sufficient showing of "good cause," Fed R. Crim. P. 32(i)(4)(C), why it should **not** be a matter of public record.  Therefore, to facilitate systematic documentation of any decision concerning departure, in compliance with 18 U.S.C.A. § 3553(c)(2), this statement of reasons shall be entered and filed by the clerk as part of the judgment.